1  McGREGOR W. SCOTT
   United States Attorney
2  MELANIE L. ALSWORTH
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          | CASE NO.  1:19-CR-00104 DAD BAM

12 |                        Plaintiff,  | STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |             v.                     | AND ORDER

14 | TONYA TATE,                        | DATE: October 26, 2020
                                          TIME: 1:00 p.m.
15 |                        Defendant.  | COURT: Hon. Barbara A. McAuliffe

16

17         This case is set for status conference on October 26, 2020.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 were entered to address public health concerns related to COVID-19.

24         Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record

27 _____

28     [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME          1
   PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through her counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status on October 26, 2020.

2.     By this stipulation, the parties now move to continue the status conference until December 9, 2020, and to exclude time between October 26, 2020, and December 9, 2020, under Local Code T4.

3.     The parties agree and stipulate, and request that the Court find the following:

a)     The government has produced the discovery associated with this case including investigative reports and other documents.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The government also provided a plea offer to defendant.

b)     Counsel for defendant recently received a report from Dr. Howsepian, a copy of which was provided to the government.  Because the report was only recently received, Counsel for the defense and the government desire additional time to review and discuss the report. Further, Counsel for defendant desires additional time to discuss possible resolution with the government and his client; to prepare any necessary pretrial motions, and to otherwise prepare for trial.

c)     The parties believe that failure to grant the above-requested continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)     The parties agree to the continuance.

e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a speedy trial as prescribed by the Speedy Trial Act.

f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 26, 2020 to December 9, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 7, 2020                                McGREGOR W. SCOTT
                                                       United States Attorney


                                                       /s/ MELANIE L. ALSWORTH
                                                       MELANIE L. ALSWORTH
                                                       Assistant United States Attorney


Dated:  October 7, 2020                                /s/GARY HUSS
                                                       GARY HUSS
                                                       Attorney for Defendant

## ORDER

IT IS SO ORDERED that the Status Conference is continued from October 26, 2020 to **December 9, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **October 7, 2020**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE